**525 COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. 4–63–15.

United States District Court
N. D. Texas,
Fort Worth Division.

April 9, 1964.

Harry Weeks, Frank Appleman, Fort Worth, Tex., for plaintiffs.

Stanley F. Krysa, Tax Div., Dept. of Justice, Fort Worth, Tex., for the Government.

BREWSTER, District Judge.

### Findings of Fact

This cause was submitted upon a complete Stipulation of Facts and briefs, supplemented by informal oral argument. The Court finds the facts to be as so stipulated. For a better understanding of the Court's conclusions of law and judgment, these facts are next summarized.

525 Company, a Texas corporation, with the two individuals who were throughout its only stockholders, elected for plaintiff to be taxed as a Small Business Corporation under Subchapter S of the Internal Revenue Code of 1954 for its first fiscal year which ended September 30, 1962. This election and stockholders' consent remained in force throughout its said fiscal year. Plaintiff filed in due course an appropriate income tax re-

turn for said fiscal year as such a Subchapter S Corporation properly reporting its net income, and its stockholders in their individual income tax returns for the calendar year 1962 duly reported as parts of their taxable incomes their ratable shares of the net income so reported by plaintiff in its said tax return.

Because of Treasury Regulations, plaintiff also filed, for its said fiscal year, the ordinary corporate income tax return on Form 1120, with Schedule P. H. "Computation of United States Personal Holding Company Tax", reporting the same gross and net income that had been reported in said Subchapter S tax return. The latter return showed a Personal Holding Company tax liability of $571.04 and an income tax liability of $326.30. This total, $897.34, was paid by plaintiff to the District Director of Internal Revenue at Dallas, Texas (with whom all of said tax returns had been filed) on October 15, 1962. After appropriate refund claim and the requisite action thereon, suit to recover said payment, with interest, was instituted in this Court, plaintiff having its office and place of business in Fort Worth, Tarrant County, Texas.

Throughout its said fiscal year, plaintiff owned an undivided interest in two oil or production payments which had been retained in 1955, by the then owner of certain producing oil and gas leaseholds on Texas lands when he conveyed these leaseholds and related equipment to two oil companies, reserving said two oil payments. These oil payment reservations were assignable and of the conventional type, i. e., by virtue thereof, the assignor of said leasehold estates was entitled to receive when, as and if produced, but only when, as and if produced, a share of the oil and gas produced from said leaseholds, or the proceeds from the sale of said share, until there had been received from such source a specified sum of money with respect to each reservation, after which the assignor would have no further interest of any kind in said leasehold estates, with all cost of further development and operation, other than production taxes with respect to the oil and gas applicable to the satisfaction of the reserved oil payments to be borne by the assignees of the leasehold estates. The said undivided interests in these reserved oil payments (which plaintiff continued to own throughout the tax year here involved) constituted all of plaintiff's income producing assets, and the source of its entire income throughout its said fiscal year.

*Conclusions of Law*

I.

This Court has jurisdiction of this cause and of the parties. All prerequisites to plaintiff's right to bring and prosecute this suit to conclusion have been fully complied with.

II.

Plaintiff's receipts from its said interests in said reserved oil payments were not receipts from royalties or other types of personal holding company income within the purview of Section 1372(e)(5) or Section 543(a)(8) Internal Revenue Code of 1954. The attempt by T. D. 6308, promulgated September 9, 1958, to amend then existing Regulations so as to classify "mineral oil or gas production payments" as royalties, or "mineral oil or gas royalties" was invalid and of no force and effect.

III.

By virtue of the provision of Subchapter S, Sections 1371 through 1377, both inclusive, of the Internal Revenue Code of 1954, and the stipulated facts, plaintiff was not subject to, or liable for, the personal holding company tax or the ordinary corporate income tax levied by other portions of said Code, and the receipt by plaintiff of the yield from its interest in said oil payments did not terminate its election under said Subchapter S.

IV.

Plaintiff is entitled to recover of Defendant the sum sued for, $897.34, with interest as provided by law from October 15, 1962.